# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv294

| RAS SELASSIE BRYSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | ROSEBORO |
| Vs. | ) | ORDER |
| | ) | |
| OCWEN FEDERAL BANK FSB, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss. Plaintiff is proceeding pro se and will be advised of her obligation to respond and the time for doing so.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that defendant has filed a Motion to Dismiss contending that she has failed to state a cause of action against it. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. This language means that in responding to the motion to dismiss, plaintiff must show that he has made sufficient allegations to support a cause of action against such defendant that is recognized by law. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that to

survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).The court again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Ashcroft, the Court held that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint fall short of the plausibility

standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in the complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In responding to defendant's Motion to Dismiss, plaintiff should address why her claims should not be dismissed and how her Amended Complaint has made plausible allegations of fact that would support her claims.

Finally, plaintiff is advised that she has until September 21, 2009, to file her response, and that such response must be served on all the other parties, and that she must include a certificate of service indicating the manner in which she served such parties.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff respond to defendants' second Motion to Dismiss not later than September 21, 2009.

**IT IS FURTHER ORDERED** that the Clerk of this court terminate defendant's first Motion to Dismiss (#11) as such became moot when plaintiff filed her first Amended Complaint.

Signed: September 8, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge