IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv294

| | |
|---|---|
| RAS SELASSIE BRYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| OCWEN FEDERAL BANK FSB, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff Ras Selassie Bryson's Motion in Opposition to Defendant's Motion for Extension of Time to Respond to Plaintiff's Complaint (#22) filed October 5, 2009. Plaintiff is advised that on September 21, 2009, she caused to be filed with the Clerk of this Court a document captioned "NOTICE OF AUTOMATIC STAY/NOTICE OF BANKRUPTCY FILING." (#22). Upon such filing, this action became stayed pending a determination by the Trustee in Bankruptcy as to whether to pursue this litigation. By filing the instant motion without the approval of the Trustee, plaintiff is now taking action which may be in violation of her own stay.

As a procedural matter, the court will now withdraw reference from the United States Bankruptcy Court of such portion of the bankruptcy base case as is necessary

-1-

to grant relief from the automatic stay to this court, all in accordance with 28, United States Code, Sections 157(d) & 636(b)(1)(A). Relief from stay is, therefore, granted to the extent necessary to dispose of the above captioned case.

Relief from stay having been granted, it appears that a cause of action, such as this, is considered to be property of the bankruptcy estate where, as here, the claim existed at the commencement of the filing of the bankruptcy action and the debtor could have asserted the claim on her own behalf under state law. <u>Butner v. United States</u>, 440 U.S. 48, 54 (1979). It now appears that this action is the property of the Chapter 7 Estate. It further appearing that because the United States Bankruptcy Court has appointed Mr. David Hillier as Trustee, he will, in his capacity as Trustee, be afforded an opportunity to intervene or otherwise respond to this court as to whether he wishes to proceed with action, dismiss this action, or take other action. Mr. Hillier is advised that:

(1) the court has before it a *pro se* Amended Complaint which appears to challenge the position of a creditor, Ocwen Federal Bank FSB, which appears to be frivolous on its face;

(2) that such defendant has previously moved to dismiss asserting as much, in response to which plaintiff unilaterally amended the Complaint;

(3) that plaintiff cannot further amend her Amended Complaint under the Federal Rules of Civil Procedure without leave of this court, and leave will not be so granted in light of the repeated frivolous filings by plaintiff regarding the same issue; and

(4) that in two actions removed to this court by plaintiff this year, the district court dismissed such actions as frivolous: Franklin Credit Management Corp. v. Bryson, 1:09-cv-00246; and Ocwen Federal Bank FSB v. Bryson, 1:09cv247. Such decisions dismissing those actions, entered by the Chief Judge of the United States District Court, are commended to the Trustee for his review as they appear equally applicable to the claims plaintiff attempts to bring here.

Mr. Hillier is further advised that while the district court initially allowed the action to be filed and for summonses to be issued and served *in forma pauperis*, such status does not waive fees or costs but simply waives prepayment. Finally, Mr. Hillier is advised that a Chapter 7 Trustee, Mr. Sigmon, was instructed in a similar *pro se* matter in Gregory v. Postmaster, 1:07cv142 (WDNC) and he may wish to reference the filings in that case as to the procedure employed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) in accordance with 28, United States Code, Sections 157(d) and Section 636(b)(1)(A), and upon referral of the district court, reference of this matter to the United States Bankruptcy Court for the Western District of North Carolina is, respectfully, **WITHDRAWN IN PART**, to the extent necessary to grant to this court relief from the automatic stay so as to dispose of the above captioned civil action;

(3) relief from the automatic stay is, therefore, **GRANTED** to this court to the extent necessary to dispose of matters now pending in the above captioned civil

action;

(4)     the Chapter 7 Trustee, Mr. David Hillier, is **ALLOWED fourteen (14) days** from receipt of this Order to intervene, file a voluntary dismissal of this action in accordance with the provisions of Rule 41, Federal Rules of Civil Procedure,[1] or otherwise respond to this court as to how the Estate wishes to proceed with this civil action; and

(5)     plaintiff is respectfully advised that she is not allowed to file pleadings in this matter except by and through the Trustee.

The Clerk of this Court is directed to certify a copy of this Order to the United States Bankruptcy Court for the Western District of North Carolina for filing in <u>In re Ras Selassie Bryson</u>, 09-10990.

The Clerk of the Bankruptcy Court is, respectfully, instructed to serve a copy of this Order on the Trustee, Mr. Hillier, and his counsel (if any)[2] in a manner that will make it readily apparent that a response on his part is respectfully required.

---

[1]     The Trustee is advised that unilateral dismissal remains viable under Rule 41 as no Answer or other responsive pleading to the Amended Complaint has been filed. Counsel for defendant is advised that defendant's motion for enlargement of that deadline remains pending and is a placeholder protecting defendant pending such resolution.

[2]     The court notes that Mr. Hillier is an attorney.

Signed: October 7, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge