# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv294

| | |
|---|---|
| RAS SELASSIE BRYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) SECOND |
| Vs. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| OCWEN FEDERAL BANK FSB, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** is before the court upon defendant's Motion to Dismiss. Plaintiff, who is proceeding *pro se*, was advised in a written Order that she had until January 5, 2010, to file her response to such motion. Review of the court's docket reveals that on December 31, 2009, plaintiff filed a document captioned as follows:

> Plaintiff's Motion to Deny Motion to Dismiss Combined With Motion to Void Wrongful Foreclosure and Preliminary Injunction and Permanent Injunction and on Other Related Matters

Docket Entry #32. This combination of motions and a response to other motions is specifically prohibited by the Local Civil Rules of this court, which provide as follows:

> **(2) Motions Not to Be Included in Responsive Briefs.** Motions shall not be included in responsive briefs. Each motion should be set forth as a separately filed pleading.

1

L.Cv.R. 7.1(C)(2). Plaintiff is advised that the requirement is in place to assure that any response she may have is considered by the court. By filing a response as a separate "motion" or including additional motions within a response, a party runs a real risk that their arguments or requests will not be considered by the court. The court will, therefore gather from such pleading the arguments that are responsive to the Motion to Dismiss, consider those arguments, and recommend that the additional motions plaintiff has filed be denied as moot as it appears that defendant is entitled to the relief it seeks as a matter of law. Finally, the court has reviewed the pleadings for defendant's Reply, and neither a Reply nor a notice of "no reply" has been filed within the time allowed under Rule 7.1 (E).

**FINDINGS AND CONCLUSIONS**

**I.     Background**

In her Amended Complaint, plaintiff seeks to stay an eviction related to a foreclosure proceeding Ocwen Federal Bank, FSB (hereinafter"Ocwen"), as the account servicer for Property Asset Management, Inc., instituted against her. Reading plaintiff's Amended Complaint in a light most favorable to her, she appears to contend that Ocwen committed "fraud" and "deceptive practices" and that she did not understand the nature of the loan transaction at issue.

In support of its Motion to Dismiss, Ocwen has submitted a copy of an Order

of foreclosure entered by Honorable Alan Z. Thornburg, North Carolina Superior Court Judge, in the underlying foreclosure action. Defendant's Memorandum in Support, Ex. A. The court has accepted such Order and the matters discussed therein through judicial notice.

> [A] court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. Here, all of [Defendant's exhibits] are publicly-recorded papers from prior court proceedings. They meet the public records exception and [the Court] may consider them in deciding this motion to dismiss.

Happel v. Wal-Mart Stores, Inc., 286 F.Supp.2d 943, 945 (N.D.Ill.2003); *accord*, Kaempe v. Myers, 367 F.3d 958, 963 (D.C.Cir.2004). From a review of such Order, it appears that the dispute between these parties began as a standard foreclosure proceeding instituted in Henderson County, North Carolina. On July 28, 2008, the matter came on for hearing before the Henderson County clerk, at which time the clerk transferred the matter to the North Carolina Superior Court for disposition. Judge Thornburg heard the matter on May 11, 2009, and entered an order permitting foreclosure on May 15, 2009 (the "Foreclosure Order"). Rather than appeal that Order or file a related proceeding, plaintiff attempted to remove the foreclosure proceeding to this court on July 9, 2009, which this court summarily remanded as frivolous on July 15, 2009. Ocwen v. Selassie, 1:09cv247 (W.D.N.C. 2009). Plaintiff then filed the present action on July 31, 2009.

3

## II. Applicable Standard

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiffs could prove no set of facts which would support their claim and entitle them to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombley, to survive a Rule 12(b)(6) motion to dismiss, plaintiffs must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment]

4

to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, plaintiffs must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Ashcroft, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a

5

defendant has acted unlawfully." Id. Thus, a complaint fall short of the plausibility standard where plaintiffs plead "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

As reflected above in the discussion of the allegations of the Complaint herein, the court has accepted as true all of the factual allegations contained in the Complaint, and, as well, has identified "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft, supra, at 1950. As reflected below, the court has assumed the veracity of any well-pleaded factual allegations "and [will] then determine whether they plausibly give rise to an entitlement to relief." Id. (alteration added).

## III. Discussion

Having read the Amended Complaint in a light most favorable to plaintiff, it appears to the court that she is attempting to allege causes of action for fraud, for unfair and deceptive trade practices, and "wrongful foreclosure" under North Carolina law. Further, it appears that she is also attempting to bring a cause of action

under the "Truth In Lending Act," which would be a federal question.[1] Underlying these causes of action is an underlying thesis that she was somehow deceived by the mortgage lender in the inception or origination of the loan and then through the foreclosure of that loan. It does not appear, however, that plaintiff has plausibly alleged that Ocwen is either the loan originator or the holder of the note. Instead, it appears that Ocwen is the loan servicer, which arguably initiated the foreclosure proceedings, but was not a named party thereto.

With such possible causes of action, the court has closely reviewed the factual contentions of plaintiff's Amended Complaint as contained in a section of the pleading entitled "Statement of Facts and Sworn Affidavit of Truth." Amended Compl., at 2. In that statement, it appears to the undersigned that plaintiff, while invoking various provisions of federal statutory law and proceedings of which this court is unfamiliar, is simply challenging the foreclosure proceeding, as the following excerpt makes apparent:

> Witnesses will bear that no foreclosure sale took place at the courthouse
> The day of July 23, 2009 and furthermore Stephanie Cosgrove, Assistant
> Clerk threatened Plaintiff with arrest because Plaintiff was at courthouse
> From 12:20 P.M. - 2:30 P.M. and no sale took place. However, Court
> house records say the foreclosure sale took place at 2:04 P.M. Plaintiff

---

[1] There also appear to be allegations of other causes of action which are patently frivolous, including Due Process allegations under the fourteenth amendment against this private loan servicer.

7

> Contends no foreclosure sale took place and furthermore the wrong property Was foreclosed on thus making the foreclosure sale null and void.

Amended Compl., at ¶ 2 (errors in the original).  As will be discussed below, federal district court is not the proper forum in which to challenge decisions of state trial courts or action of state court officials in executing the orders of state judges.

### A.     Fraud

The essential elements of a claim of fraud by misrepresentation are: (1) a false representation of a material fact, (2) that was reasonably calculated to deceive, (3) which was made with the intent to deceive, (4) that did in fact deceive, and (5) resulted in damage. <u>Jolly v. Acad. Collection Serv.</u>, 400 F. Supp. 2d 851 (M.D.N.C. 2005). To satisfy the specificity requirements of Rule 9(b), it is pleader's obligation to plead the time, place, and contents of the false representations, as well as the identity of the person making the representation and what such person obtained thereby.  In order to plead fraud by omission, a plaintiff must allege the following:

> (1) the relationship or situation giving rise to the duty to speak, (2) the event or events triggering the duty to speak, and/or the general time period over which the relationship arose and the fraudulent conduct occurred, (3) the general content of the information that was withheld and the reason for its materiality, (4) the identity of those under a duty who failed to make such disclosures, (5) what those defendant(s) gained by withholding information, (6) why plaintiff's reliance on the omission was both reasonable and detrimental, and (7) the damages proximately flowing from such reliance.

Breeden v. Richmond Community College, 171 F.R.D. 189, 195 (M.D.N.C. 1997) (citations omitted). In pleading fraud or negligent misrepresentation,

> when the party relying on the false or misleading representation could have discovered the truth upon inquiry, the complaint must allege that he was denied the opportunity to investigate or that he could not have learned the true facts by exercise of reasonable diligence.

Hudson-Cole Develop. Corp. v. Beemer 132 N.C.App. 341, 346 (1999). Thus, a claim for either fraud or fraudulent concealment is not cognizable where the pleader fails to make an independent investigation, Calloway v. Wyatt, 246 N.C. 129 (1957), or where the pleader knows the true facts. Cox v. Johnson, 227 N.C. 69, 70 (1946).

Reading plaintiff's Amended Complaint, there simply are no allegations that this defendant made any material misrepresentation or omissions in the lending process. Indeed, it no where appears that this defendant was even her lender as review of the state court's Order reveals that "Property Asset Management, Inc., is the owner and/or holder of the Promissory Note . . . ." Memorandum in Support, Ex. A, at ¶ 2. Plaintiff fails to state a claim for fraud or fraudulent inducement as a matter of law.

**B. Unfair and Deceptive Trade Practices**

The court has also assumed that plaintiff is attempting to assert a state-law claim for Unfair and Deceptive Trade Practices (hereinafter "UDTPA"). A claim

9

under the UDTPA is governed by Chapter 75-1.1(a) of the North Carolina General Statutes, which provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." Id. When such provision was enacted into law in 1969, it contained the following statement of purpose:

> The purpose of this section is to declare, and to provide civil legal means to maintain, ethical standards of dealings between persons engaged in business and between persons engaged in business and the consuming public within this State to the end that good faith and fair dealings between buyers and sellers at all levels of commerce be had in this State.

N.C. Gen. Stat. 75-1.1(b). See also Edmisten v. Penney Co., 292 N.C. 311 (1977). In response to the decision of the North Carolina Supreme Court in Edmisten, supra, Section 75-1.1(b) was amended in 1977 to read "[f]or the purposes of this section "commerce" includes all business activities, however denominated . . . ." Id. Thus, the UDTPA is far reaching. See Roberson v. Dale, 464 F. Supp. 680 (M.D.N.C. 1979). See also Liggett Group, Inc. v. Sunas, 113 N.C. App. 19, 31 (1993); Buie v. Daniel Int'l, 56 N.C. App. 445, 448, *cert. denied*, 305 N.C. 759 (1982).

To state a cause of action under the UDTPA, the pleader must allege the following:

(1) conduct constituting an "unfair or deceptive act or practice;"

(2) conduct "in or affecting commerce," and

(3) that such conduct proximately caused actual injury to plaintiff.

Food Lion, Inc. v. Capital Cities/ABC Inc., 951 F. Supp. 1224, 1230 (M.D.N.C. 1996).

Inasmuch as defendant was not the owner of the note, the court has searched the Amended Complaint for allegations concerning unfair or deceptive trade practices in the servicing of plaintiff's mortgage loan. Plaintiff's contentions relevant to the servicing of the loan all concern the foreclosure proceedings, demands she sent to this defendant during such proceedings, and actions taken by the state court. Plaintiff has failed, however, to sufficiently allege plausible factual allegations that could support any claim under the UDTPA. Although "the occurrence of the alleged conduct, damages, and proximate cause are fact questions for the jury . . . . whether such conduct [falls within the UDTPA] is a legal issue for the court." ABT Building Products v. National union Fire Ins. Co. of Pittsburgh, 472 F.3d 99, 123 (4th Cir. 2006)(citation and corresponding quotation marks omitted).

**C.  "Truth In Lending" Claim**

It also appears that plaintiff may be asserting a claim under the federal Truth in Lending Act, commonly referred to as a TILA action. Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. From the outset, it is necessary to determine whether Ocwen

is subject to TILA by being either a 'creditor" or an "assignee" of a creditor, as defined by TILA. TILA defines a "creditor," the party responsible for providing the disclosures which are the basis for a truth in lending claim, as follows:

> The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(f). Not only does plaintiff fail to make any plausible allegations under TILA that Ocwen was a creditor, it is readily apparent from the face of Judge Thornburg's Order that "Ocwen Loan Servicing, LLC" was simply the "authorized servicer for Property Asset Management, Inc." Memorandum in Support, Ex. A. Thus, plaintiff has failed to state any plausible allegations which could support a claim under TILA.

### D. Wrongful Foreclosure

Finally, it appears that plaintiff is contending that she is being subject to "wrongful foreclosure" in the state court proceeding. See Amended Compl., at p. 6. Indeed, this challenge to the foreclosure proceeding appears to be at the center of this dispute. Reading the Amended Complaint in a light most favorable to plaintiff, it

appears that the foreclosure sale took place a week before she filed this federal action. See Docket Entry #1; c.f. Amended Compl., at ¶ 2. There is no allegation plaintiff ever appealed the foreclosure Order or filed an independent civil action in state court to enjoin the foreclosure on equitable grounds. N.C.Gen.Stat. § 45-21.27, 21.29, & 21.34.

To allege a common-law claim for "wrongful foreclosure" by a mortgagor, plaintiff must allege (1) a legal duty owed to it by the foreclosing party; (2) a breach of that duty, (3) a causal connection between the breach of that duty and the injury it sustained, and (4) damages. Gregorakos v. Wells Fargo Nat. Ass'n, 285 Ga. App. 744 (2007). Plaintiff's claim of wrongful foreclosure fails from the outset as there is no allegation that Ocwen is the mortgagee.

### E. Injunctive Relief

It appearing from the allegations of the Amended Complaint that the subject property was sold at a foreclosure sale on or about July 23, 2009, plaintiff's requests for injunctive relief contained either in her Amended Complaint or in later filed motions is moot. As the North Carolina courts have held in the context of foreclosure proceedings,

> Plaintiff sought a restraining order to prevent the foreclosure sale of her home. Her motion was denied on 9 April 2003; the sale occurred on 10 April 2003. Thus, the act sought to be stayed by plaintiff has been

13

consummated, and there is no relief that can be granted by plaintiff's appeal. "[A] preventive injunction cannot be used to redress a consummated wrong or to undo what has been done." *Roberts v. Madison County Realtors Ass'n*, 344 N.C. 394, 402, 474 S.E.2d 783, 789 (1996) (*citing Jackson v. Jernigan*, 216 N.C. 401, 5 S.E.2d 143 (1939)). Accordingly, because the act sought to be enjoined has been completed, we dismiss plaintiff's appeal as moot. *See id.* at 398-99, 474 S.E.2d at 787 ("A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy. Courts will not entertain or proceed with a cause merely to determine abstract propositions of law.").

Adesuyi v. Salomon Brothers Realty Corp., 2004 WL 1920923, 1 (N.C.App. 2004).[2] Thus, plaintiff fails to state any claim for injunctive relief because the harm plaintiff seeks to forestall has already occurred and appears to have occurred prior to the filing of this action.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Dismiss (#28 (contained in the Answer)be **ALLOWED,** and that this action be **DISMISSED** in its entirety. It is further recommended that plaintiff's "Motion to Deny Motion to Dismiss Combined With Motion to Void Wrongful Foreclosure and Preliminary Injunction and Permanent Injunction and on Other Related Matters" (#32) be **DENIED** as moot.

---

[2] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: January 20, 2010

Dennis L. Howell
United States Magistrate Judge