IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv294

| | |
|---|---|
| RAS SELASSIE BRYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| OCWEN FEDERAL BANK FSB, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Magistrate Judge's Second Memorandum and Recommendation [Doc. 33], regarding the disposition of the Defendant's Motion to Dismiss [Doc. 28] and the Plaintiff's "Motion to Deny Motion to Dismiss Combined with Motion to Void Wrongful Foreclosure and Preliminary Injunction and Permanent Injunction and on Other Related Matters" [Doc. 32], and the Plaintiff's "Response in Opposition to Second Memorandum and Recommendation" [Doc. 36]. Also pending before the Court are the Plaintiff's "Motion for Relief from Judgment and Motion to Stay Foreclosure Proceedings and Motion to Dismiss" [Doc. 6] and Plaintiff's "Motion for Entry of Default Judgment" [Doc. 37].

## I. PROCEDURAL BACKGROUND

The Plaintiff filed a Complaint against the Defendant Ocwen Federal Bank, FSB on July 31, 2009, attempting to assert an action for rescission of her mortgage loan pursuant to the federal Truth in Lending Act ("TILA"), as well as a claim for wrongful eviction related to a foreclosure proceeding instituted against her. [Doc. 1]. On August 5, 2009, the Plaintiff filed a "Motion for Relief from Judgment and Motion to Stay Foreclosure Proceedings and Motion to Dismiss," essentially seeking the same relief as sought in her Complaint. [Doc. 6].

The Defendant moved to dismiss the Plaintiff's Complaint on September 3, 2009. [Doc. 11]. In response, the Plaintiff filed an "Amended Complaint Emergency Petition to Stay Eviction and Temporary Restraining Order" on September 4, 2009. [Doc. 13]. Viewing the Plaintiff's Amended Complaint in the light most favorable to her, the Plaintiff appears to contend that the Defendant committed "fraud" and "deceptive practices" and that she did not understand the nature of the loan transaction at issue. [Id.]. The Defendant moved to strike the Amended Complaint as improperly filed. [Doc. 16]. After the Magistrate Judge filed a Memorandum and

Recommendation recommending the denial of the motion to strike [Doc. 17], the Defendant subsequently withdrew this motion [Doc. 19] and moved for an extension of time to respond to the Plaintiff's Amended Complaint [Doc. 20].

On September 21, 2009, the Plaintiff filed a Notice that she had filed for bankruptcy protection. [Doc. 21]. On October 5, 2009, the Plaintiff then filed a "Motion in Opposition to Defendant's Motion for Extension of Time to Respond to Plaintiff's Complaint" [Doc. 22], in violation of the automatic stay. On October 8, 2009, the Magistrate Judge withdrew reference from the United States Bankruptcy Court and invited the Trustee to intervene or otherwise respond to the Court as to how the bankruptcy estate wished to proceed with this civil action. [Doc. 23]. The Trustee filed a Response on November 2, 2009, and sought an extension of time to make a full response to the Court's request. [Doc. 25]. The Court granted the Trustee's request and extended the time to respond to December 4, 2009. [Doc. 26].

On December 10, 2009, the Court entered an Order, noting that it appeared that the Plaintiff's bankruptcy petition had been dismissed and that this action could now proceed. The Defendant was given 14 days to

respond to the Plaintiff's Amended Complaint. [Doc. 27]. On December 17, 2009, the Defendant filed an Answer and Motion to Dismiss, seeking the dismissal of the Plaintiff's Amended Complaint. [Doc. 28]. The Plaintiff filed her opposition to the Defendant's Motion on December 31, 2009. [Doc. 32].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider these pending motions. On January 20, 2010, the Magistrate Judge entered a Second Memorandum and Recommendation [Doc. 33], recommending that the Defendant's Motion to Dismiss [Doc. 28] be allowed, and that this action be dismissed in its entirety. The Magistrate Judge further recommended that the Plaintiff's "Motion to Deny Motion to Dismiss Combined with Motion to Void Wrongful Foreclosure and Preliminary Injunction and Permanent Injunction and on Other Related Matters" [Doc. 32] be denied as moot.

On February 17, 2010, the Plaintiff filed a pleading styled "Plaintiff's Response in Opposition to Second Memorandum and Recommendation" [Doc. 36], which the Court will construe as setting forth the Plaintiff's objections to the Magistrate Judge's Recommendation.

On April 26, 2010, the Plaintiff filed a motion seeking the entry of a default judgment against the Defendant for not filing any response to the Magistrate Judge's Second Memorandum and Recommendation. [Doc. 37].

II. **STANDARD OF REVIEW**

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985). Where no proper objection is made, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the

court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections result not only in the loss of *de novo* review by the district court, but also in the waiver of appellate review. See Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003).

### III. ANALYSIS

In his Memorandum and Recommendation, the Magistrate Judge carefully analyzed all of the claims that appear to be asserted by the Plaintiff and concluded that each of these claims is subject to dismissal. [Doc. 33]. In her "Response," the Plaintiff makes only general objections to the Magistrate Judge's Recommendation and reiterates the arguments she previously made in response to the Defendant's Motion to Dismiss. [See Doc. 36]. "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that

term is used in this context." Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004).  Having carefully reviewed the Magistrate Judge's Memorandum and Recommendation, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law.  Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation [Doc. 33] that the Defendant's Motion to Dismiss [Doc. 28] be allowed; that the Plaintiff's "Motion to Deny Motion to Dismiss Combined with Motion to Void Wrongful Foreclosure and Preliminary Injunction and Permanent Injunction and on Other Related Matters" [Doc. 32] be denied as moot; and that this action be dismissed in its entirety.

The Plaintiff's "Motion for Relief from Judgment and Motion to Stay Foreclosure Proceedings and Motion to Dismiss" [Doc. 6] essentially seeks the same relief as sought by the Plaintiff in her Amended Complaint.  For the reasons stated by the Magistrate Judge and adopted by this Court in dismissing the Plaintiff's Amended Complaint, this Motion [Doc. 6] also will be denied.

Finally, the Plaintiff seeks the entry of a default judgment for the Defendant's failure to "respond" to the Magistrate Judge's Memorandum

and Recommendation. [Doc. 37]. Plaintiff's motion is entirely frivolous and will be denied. The Defendant was under no obligation to file objections or otherwise respond to the Memorandum and Recommendation. Furthermore, an entry of default is appropriate only where a defendant has failed to plead or otherwise defend an action. See Fed. R. Civ. P. 55(a). A motion for entry of default is entirely improper where, as here, a defendant has responded to a complaint by filing both an answer and a motion to dismiss.

IV. **CONCLUSION**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Second Memorandum and Recommendation [Doc. 33] is **ACCEPTED**; the Defendant's Motion to Dismiss [Doc. 28] is **ALLOWED**; the Plaintiff's "Motion to Deny Motion to Dismiss Combined with Motion to Void Wrongful Foreclosure and Preliminary Injunction and Permanent Injunction and on Other Related Matters" [Doc. 32] is **DENIED AS MOOT**; and this action is **DISMISSED WITH PREJUDICE** in its entirety.

**IT IS FURTHER ORDERED** that the Plaintiff's "Motion for Relief from Judgment and Motion to Stay Foreclosure Proceedings and Motion to

Dismiss" [Doc. 6] and the Plaintiff's "Motion for Entry of Default Judgment" [Doc. 37] are **DENIED**.

**IT IS SO ORDERED.**

Signed: June 3, 2010

Martin Reidinger
United States District Judge